```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


PEGGY KENNEDY and                    )
PHYLLIS WILKERSON,                   )
                                     )
               Plaintiffs,           )
                                     )
          vs.                        )      No. 4:07CV1333-DJS
                                     )
WILKES PRINTING AND                  )
DIRECT MAIL, INC.,                   )
                                     )
               Defendant.            )
```

## ORDER

Plaintiffs Phyllis Wilkerson and Peggy Kennedy were employees of defendant Wilkes Printing and Direct Mail, Inc. Plaintiffs filed a petition in Missouri state court alleging that defendant terminated their employment based upon unlawful and incorrect calculations of the leave to which plaintiffs were entitled under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et seq.* Defendant removed the action to this Court, asserting that the case was removable on the basis of federal question jurisdiction under 28 U.S.C. §1331, in view of the FMLA claim.

Now before the Court is defendant's motion for summary judgment. Plaintiffs' petition alleges that each plaintiff took medical leave prior to her termination, due in part to harassment by a manager employed by defendant, and that defendant had not

elected a method of accounting for medical leaves of absence, which circumstance entitled plaintiffs to the most favorable method of accounting for leave.  Plaintiffs further allege that defendant's reasons for terminating their employment and defendant's failure to re-hire them are pretextual and in retaliation for taking FMLA leave.

In support of its motion for summary judgment, defendant first makes a number of arguments that plaintiff's FMLA claims are not well-pled in their petition.  These include contentions that plaintiffs' petition is fatally flawed due to its failure to plead that plaintiffs worked the requisite 1,250 hours in order to be eligible for FMLA leave, failure to plead that defendant is an employer within the meaning of the FMLA, and failure to plead that either plaintiff suffered from a "serious health condition" as required for FMLA coverage.

Such contentions as to the insufficiency of plaintiffs' pleadings are not true summary judgment arguments and can be remedied by a first amended complaint.  If summary judgment were appropriate on such grounds, defendant would, at this late stage of the litigation, be offering its proof in support of a determination of these issues in its favor as a matter of law, and not merely asserting that the petition does not contain particular allegations. Plaintiffs' motion for leave of court to amend their complaint will be granted, and plaintiffs will be permitted to file their first amended complaint, which the Court considers merely to

clarify and amplify the necessary allegations in support of their original FMLA claim.

More substantively, defendant seeks summary judgment alleging that, on undisputed facts, it can be determined as a matter of law that plaintiffs more than exhausted the 12 weeks of leave the FMLA provides. A threshold procedural issue requires the Court's determination at this point in the analysis. As required by the Court's local rules, specifically E.D.Mo. L.R. 4.01(E), defendant filed in support of its motion for summary judgment a statement of facts it asserts are undisputed, citing one or more portions of the evidentiary record in support of each fact. Well after the date by which their opposition was due, plaintiffs were granted an extension of time in which to file the same. Thereafter, plaintiffs' opposition to the motion for summary judgment was filed without their statement of material facts, as required by the Court's rules. Plaintiffs' attempt at such a statement was not submitted for two more weeks, on the same date as defendant's reply memorandum was filed.

Defendant has filed a motion to strike plaintiffs' untimely response to defendant's statement of undisputed facts. Defendant has also filed suggestions in opposition to plaintiffs' motion for leave to file their statement of facts out of time (which plaintiffs filed two days later than the statement itself, and only after defendant's motion to strike the statement was filed). The Court will grant defendant's motion to strike

3

plaintiffs' statement of facts. First, plaintiffs' lateness in submitting any response to defendant's statement of undisputed facts, and failure to submit their own statement of material facts per the local rule, have not been adequately explained or excused by plaintiffs' arguments. Further, the statement plaintiffs belatedly submitted fails to comply with the local rule's requirements in a more substantive respect as well, namely that plaintiffs fail to cite to portions of the evidentiary record supporting their factual assertions. Based on this ruling, the Court will consider all material facts properly asserted by defendant to be undisputed for purposes of the summary judgment analysis.

These facts are as follows. In a letter dated March 7, 2006, defendant notified plaintiff Wilkerson that, based on her leave after January 9, 2006, defendant computed that Wilkerson's entitlement to FMLA leave would be exhausted as of February 24, 2006. Although Wilkerson did not provide defendant with a doctor's note, as the March 7 letter requested, plaintiff remained off work and defendant considered her to be on a Personal Leave of Absence after February 24, 2006. By its letter of April 5, 2006, defendant advised Wilkerson that it considered her to have voluntarily resigned her employment due to an inability to work. On April 13, defendant received Wilkerson's doctor's note stating she would be able to return to work as of April 17, 2006.

Twelve workweeks or 60 workdays of FMLA leave by Wilkerson commencing on January 10, 2006 would have expired on April 4, 2006. Even if defendant's assertion that Wilkerson's FMLA leave would be exhausted as of February 24 was in error because it wrongly applied a "rolling" computation method rather than a calendar-year method,[1] Wilkerson's remaining off work from January 10 through April 17, 2006 exceeded the 12 weeks of leave the FMLA might have provided her.

Plaintiff Kennedy's intermittent days of leave covered by the FMLA in 2006 totaled 60 through December 29, 2006. On January 3, 2007, defendant wrote to plaintiff Kennedy and advised her that by defendant's calculation she had exhausted the 12 weeks of leave afforded by the FMLA as of January 2, 2007, and because she was unable to return to work as of that date she was considered to have resigned her employment.

Plaintiffs suggest that defendant's FMLA policy is ambiguous as to the requirement of exhaustion of vacation leave or paid sick leave. To the contrary, the January 2006 Family and Medical Leave Policy expressly provides that "the Company reserves the right to require substitution of paid leave in lieu of unpaid leave." Def. Exh. 39 [Doc. #23-7]. Concerning the FMLA, defendant's General Policies provide that "[p]aid leave taken for purposes covered under the FMLA will be counted against an

---

[1] An issue the Court need not address. See infra.

employee's 12-week annual leave allowance," and further that, even if no notice of approval of FMLA leave is provided by the company, "any leave taken for reasons covered under the FMLA will be counted against the employee's 12-week annual allotment."  Def. Exh. 38 [Doc. #23-7].  Such policies are permitted under the FMLA.  See, e.g., Slentz v. City of Republic, Missouri, 448 F.3d 1008, 1010-11 (8th Cir. 2006).

On the summary judgment record before it, the Court concludes as a matter of law that the termination of plaintiffs' employment did not violate their entitlement to leave under the FMLA.  Each plaintiff exhausted the maximal 12 workweeks (60 days) of FMLA leave in calendar year 2006 and failed thereafter to return to work.  Their resulting terminations did not violate the FMLA, and the Court need not and does not undertake an analysis of whether defendant's FMLA policies, as amended in January 2006, elected a particular method of leave computation.

Next the Court considers plaintiffs' claim that defendant failed to rehire plaintiffs in retaliation for plaintiffs' exercise of their rights under the FMLA. As to this claim, defendant argues that plaintiffs fail to establish a prima facie case.  "To establish a prima facie claim for discriminatory failure to hire, a plaintiff must show that 'he applied and was qualified for a job for which the employer was seeking applicants.'" Green v. City of St. Louis, Mo., 507 F.3d 662, 666 (8th Cir. 2007), *quoting* Chambers

<u>v. Wynne Sch. Dist.</u> 909 F.2d 1214, 1216 (8th Cir.1990). Defendant contends that plaintiff Wilkerson cannot show that she applied for any job, or that defendant was seeking applications at the time of any such application to be re-hired. As to plaintiff Kennedy, defendant contends that she cannot establish that defendant hired anyone to perform her previous duties or was seeking applicants at the time she applied.

Plaintiff Wilkerson, although testifying to her belief that she applied to be re-hired several times, has failed to produce any application seeking re-employment. Although defendant concedes that plaintiff Kennedy applied for her former "scheduling assistant" position, she did so knowing that the position had been filled internally by the employee whom Kennedy had trained in the position before taking her leave. Plaintiffs have failed to offer any evidence that after their terminations, defendant sought applicants for positions for which plaintiffs applied and were not hired. Plaintiffs therefore fail to make their prima facie case on the failure-to-hire claim, and defendant is entitled to summary judgment on this claim as well.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave of Court to amend complaint [Doc. #34] is granted, and plaintiffs' proposed first amended complaint, attached as Exhibit A to the motion, is deemed filed.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiffs' response to defendant's statement of undisputed facts [Doc. #32] is granted, and plaintiffs' motion for leave to file their response to the statement of facts out of time [Doc. #34] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. #22] is granted.

Dated this   10th   day of November, 2008.

                                               /s/ Donald J. Stohr
                                               UNITED STATES DISTRICT JUDGE