**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **PEGGY KENNEDY and PHYLLIS WILKERSON,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 4:07CV1333-DJS |
| **WILKES PRINTING AND DIRECT MAIL, INC.,** ) ) ) | |
| Defendant. ) | |

<u>ORDER</u>

This matter is before the Court upon remand by the Eighth Circuit for "a determination as to whether the untimely notice of appeal is due to excusable neglect or good cause and, if so, whether time for filing the notice of appeal should be extended." 8th Cir. Order of March 10, 2009 [Doc. #52]. Defendant has filed a motion to strike the notice of appeal. In response, plaintiff has filed a motion for leave to file the notice of appeal out of time. The parties agree that the notice of appeal was due on January 21, 2009, but was not filed until two days later on January 23, 2009. Defendant contends that plaintiffs' request for leave to file the notice of appeal out of time, by their motion filed March 23, 2009, is so late as to be beyond the Court's authority to grant. Plaintiffs view the matter as whether the Court may now,

nunc pro tunc, grant them leave to have filed their notice of appeal two days late.

In a civil case, Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that the district court may extend the time to file a notice of appeal only if two requirements are met, namely that "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause."[1]  See also 28 U.S.C. §2107(c). Under this rule, plaintiff's motion for leave to file its notice of appeal out of time cannot be granted, because that request was untimely made under Rule 4(a)(5)(A)(i), more than 30 days after January 21.  See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach, 525 F.2d 1179, 1181-82 (8th Cir. 1975).  Plaintiffs' memorandum addresses only the issue of excusable neglect, but the timeliness of their motion seeking an extension of time is equally critical.  Because plaintiffs have not timely sought an extension of time for the filing of their notice of appeal, their motion must be denied pursuant to Rule 4(a)(5)(A)(i).  Defendant's motion to strike the untimely notice of appeal will be granted.

For all the foregoing reasons,

---

[1] The wording of the Court of Appeals' remand order suggests that the threshold and critical question is whether the untimeliness by two days was due to excusable neglect or good cause.  This may be true in a criminal case, pursuant to the more flexible standard of Fed.R.App.P. 4(b)(4), but is not the case with the stricter time limitation for filing a motion to extend time in civil proceedings.

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file notice of appeal out of time [Doc. #55] is denied and defendant's motion to strike plaintiff's notice of appeal [Doc. #53] is granted.

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this order to the Court of Appeals for inclusion in the record on appeal in No. 09-1478.

Dated this ___22nd___ day of April, 2009.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE